# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN VOLLMER,**

    **Plaintiff,**

  v.                                  Case No. 15-CV-213

**DAVID A. CLARKE, JR., et al.,**

    **Defendants.**

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed an initial partial filing fee of $3.10, and has made an initial payment of $2.98. Plaintiff has notified the court that $2.98 is the total amount in his account and that he will pay the balance when his account is credited with additional funds.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

At all relevant times plaintiff was incarcerated at the Milwaukee County House of Correction (MCHC). (Plaintiff is currently incarcerated at the Kettle Moraine Correctional Institution.) Plaintiff purports to state claims against Nurse Practitioner Floydd and John/Jane Does (including "Registered Nurse"), all of whom were associated with the health service unit (HSU) at MCHC; the MCHC supervisory staff; Captain Burk of MCHC; and Milwaukee County Sheriff David A. Clarke.

Plaintiff alleges that he severely injured his ankle in February 2006 while playing basketball, an injury he alleges could have been prevented had inmates been provided adequate footwear. Plaintiff claims that officers and HSU staff acknowledged the severity of plaintiff's injury, which was evident due to immediate swelling and bruising. Upon being taken to the HSU, plaintiff alleges he was asked to sign a form consenting to reimbursement of costs related to his treatment. Plaintiff refused to sign the form, and, as a result, plaintiff alleges he was denied treatment. Plaintiff claims he specifically requested

3

treatment and only declined to authorize charges to his account in connection with that treatment.

Plaintiff claims that, despite experiencing significant pain and repeated requests by officers on his behalf that his injury be treated, he did not receive treatment until the following day when defendant Floydd gave him an ice pack, ibuprofen, and crutches. Plaintiff claims he immediately notified defendant Floydd this treatment was insufficient. Plaintiff alleges that after "a few weeks of constant complaining," defendant Floydd ordered an X-ray, and then a few days later, ordered an MRI, which occurred four to five weeks after the injury.

Plaintiff indicates that the MRI revealed a severe, possible lifelong injury to his ankle, and that surgery may be necessary to repair the tearing and ruptures in his tendons and ligaments. Plaintiff was to wear a cast for six to eight weeks; however, plaintiff alleges the cast was off within nine days because "the jail" refused to allow plaintiff bathing privileges and failed to provide plaintiff with a way to cover the cast during showers. Plaintiff claims that once he removed the soggy, moldy cast, defendant Floydd put a compression sock on plaintiff that was three to four sizes too small and resulted in loss of blood flow to plaintiff's leg with numbness and pain that lasted overnight. Plaintiff cut the sock off after his leg turned blue and refused to put another one on despite defendant Floydd's urgings to do so.

Plaintiff claims that during these events, he kept detailed notes, including obtaining signed officer statements and compiling a log of relevant names, dates, and times. In addition, plaintiff alleges he wrote numerous grievances and complaints to defendants Clarke and the MCHC/HSU supervising staff. Although the exact timing is unclear from

4

plaintiff's complaint, plaintiff claims he was placed in segregation, in part, because, as unidentified MCHC employees told him, he had made "threats to the facility about suing" the facility. Plaintiff alleges that during his transfer to segregation, all of his documents and legal paperwork were searched and seized. Plaintiff claims that the supervisory staff told him the property was "lost accidentally" and that they did not know which officer was responsible for handling the materials, although Plaintiff believes defendant Burk was involved in the incident. Plaintiff claims that the seizure of this property and his placement into segregation prevented him from timely filing a notice of claim in state court in connection with the alleged improper medical treatment he received.

Plaintiff claims that defendant Floydd, defendant Clarke, and various Doe defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by exhibiting deliberate indifference to his serious medical needs. Plaintiff also purports to state a claim of negligence against these same defendants. Finally, plaintiff seeks to state claims of (1) denial of access to the courts, (2) illegal seizure of property, and (3) retaliation, against defendant Burk, defendant Clarke, and various Doe defendants in connection with plaintiff's placement into segregation and the subsequent alleged seizure of his documents and legal paperwork. For relief, plaintiff seeks nominal, compensatory, and punitive damages in excess of $350,000. In addition, plaintiff seeks injunctive relief "for those inmates who are still subjected to the unsafe conditions provided within the facility at question."

With regard to plaintiff's Eighth Amendment claims, plaintiff may proceed against defendant Floydd and the Doe defendants who plaintiff alleges directly refused to treat him, including the HSU supervisory staff Doe defendants. With regard to plaintiff's negligence

5

claim, plaintiff concedes that he failed to file appropriate notices of claim under state law. As such, plaintiff may not proceed, and this claim will be dismissed. Wisconsin Statute § 893.82(3); Williams v. Nelson, 398 F. Supp. 2d 977, 992 (W.D. Wis. 2005) (quoting Saldivar v. Cadena, 622 F. Supp. 949, 959 (W.D. Wis. 1985)).

Plaintiff may also proceed with his alleged retaliation and denial of access to the courts claims against defendant Burk and the Doe defendants who were directly involved in allegedly placing plaintiff in segregation then allegedly "losing" his documents and legal paperwork. Plaintiff has sufficiently alleged these actions were taken in response to his "threats to the facility about suing them" and prevented plaintiff from timely filing a required notice of claim in state court.

However, to the extent plaintiff is alleging that his documents and legal paperwork were denied him without due process (i.e., plaintiff's purported "illegal seizure of property" claim), plaintiff may not proceed with the claim. Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. See Wis. Stat. §§ 893.35 and 893.51. Plaintiff does not allege that the deprivation of property occurred as the result of an established state procedure, and state law provides an adequate post-deprivation remedy for redressing the missing property; thus, due process has been satisfied. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); see also Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context).

Finally, plaintiff has not alleged any personal involvement of defendant Clarke and/or the Doe defendants to whom plaintiff allegedly made written grievances/complaints,

and plaintiff's allegations with regard to these defendants are impermissibly vague. Therefore, plaintiff has not stated claims against these defendants, and they will be dismissed. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009) (holding it is acceptable to relegate to the prison's medical staff the provision of good medical care and that not everyone who knows about a prisoner's problems must pay damages).

Plaintiff will need to use discovery to identify the Doe defendants involved with the surviving claims.

## PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, who is no longer incarcerated at MCHC, seeks injunctive relief "for those inmates who are still subjected to the unsafe conditions provided within the facility in question." Plaintiff lacks standing to pursue such relief. Plaintiff may challenge policies only to the extent they injured him. Shimer v. Washington, 100 F.3d 506, 508 (7th Cir. 1996). Plaintiff may assert his own legal rights, but not the legal rights of other inmates. Id. See, Arizonans for Official English v. Arizona, 117 S.Ct. 1055 (1997). Accordingly, plaintiff may not pursue such relief.

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If a plaintiff makes a reasonable attempt to secure counsel,

the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

In this case, plaintiff has not provided evidence of efforts to obtain legal counsel on his own. In addition, the issues in this case appear at this stage to be straightforward and uncomplicated, and plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, plaintiff's request for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants David A. Clarke, Jr., and the Doe Defendants to whom plaintiff made written complaints/grievances are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket # 4) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the identified defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $347.02 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court. Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge